Nicholson File Co. ⎞
vs. ⎬ W. C. A. No. 1227.
Thomas McCaffrey ⎠

### DECISION.

#### January 20, 1932.

WALSH, J. This matter comes up on a petition filed by the Nicholson File Company which sets forth that the petitioner has conformed to all the requirements of the Court's order and says, "Your petitioner is informed and believes that the respondent has fully

recovered from the accident of September 9th, 1930, and is now able to do his regular work."

Of course, the burden is upon the petitioner to satisfy us that that is the fact.

We have the testimony of the experts in this case. Dr. Horan, who doesn't pretend to be a neurologist or an expert on nerves and nervous diseases, told us that this man, while employed at the Nicholson File Company, received a shock or application of force indirectly to the clavicle on the right side of the chest in September of 1930. By reason of the application of that force in this indirect manner, the clavicle was dislocated and fractured; that some time after that, in January, 1931, he, Dr. Horan, decided to open up this man's chest in an attempt to adjust this clavicle to the sternum and that he did open up the man's chest and made a shelf for the clavicle, used a kangaroo tendon, as he called it, and got a very good result. Dr. Horan tells us in his opinion this injury was absolutely healed, the man was O. K., and in his opinion the present condition of the man is in no way due to the injury which was sustained to the clavicle.

We have two eminent gentlemen on nerves and nervous diseases and it is a strange fact that neither one of them will give us a definite diagnosis of this thing. They tell the Court frankly they cannot; that this man's condition may be caused from a number of different medical facts. Dr. Sanborn gives us his opinion that in no way can he see this man's present nervous condition to have been caused by any trauma or shock. He says in his long experience with these cases he has never seen a case where this condition was caused by trauma under the conditions in the present employee. He says, however, that he does not want to be quoted as saying that there is no possibility of any such thing happening.

On the other hand, we have Dr. Hughes, who comes in and tells us positively, while agreeing in substance with Dr. Sanborn, that in his opinion there is but one cause of this, no matter what particular type of disease you may say this man is suffering from, that trauma was the factor involved in this case. His statement is that the force which was applied to this man's body, by reason of which the clavicle was dislocated and fractured, must have been a considerable force; that the application of that force to this man's body either caused structural changes in the cells or lit up some inherent defect that was then and there present.

The burden is upon the petitioner to satisfy us that this man has recovered. Taking into consideration all the medical testimony, that burden has not been sustained by the petitioner and the petition is denied.

For petitioner: Clifford A. Kingsley.
For respondent: Roger L. McCarthy.